Johnson, C. J. It is stated as a reason for the judgment rendered in this case that the appellant’s cause of action did not accrue within five years from the issuance of the original writ by the justice of the peace. After the finding and judgment of the court the plaintiff filed his motion for a new trial; which motion being overruled, he then filed his bill .of exceptions purporting to set out all the testimony introduced upon the trial. The plaintiff introduced Richard F. Sullivan as a witness, who testified that A. Davis lived in Tennessee when the note was given and moved to Arkansas before the note fell due, a note of the like character of the one now in suit 'was passed by Davis to one McGuire previous to Davis leaving Tennessee; when the note fell due McGuire lived in Tennessee. This is said to have been all the testimony offered upon the trial in the circuit court. The note certified up by the justice and the one to which we presume the witness refers, purports to have been executed on the 6th of January 1832 by D. A. Sullivan in favor of A. Davis for the sum of fifty dollars and fifty-five cents and made payable on the first day of June next. The writ issued by the justice bears teste the 9th January 1846. We have not been informed but the presumption is that the testimony in regard to the residence of the parties was offered to prevent the operation of the statute of limitations. The 13th section of the 91st chapter of the Revised Statutes provides that “ If any person entitled to bring any aGtion in the preceding seven sections mentioned, except in actions against sheriffs for escapes and actions of slander, shall at the time the cause of action accrued, be either within the age of twenty-one years or insane, or beyond the limits of this State, or a married woman, such person shall be at liberty to bring such action within the time specified in this act after such disability is removed.” The instrument offered being a writing obligatory the right of action was barred by the lapse of five years, unless the circumstances of the case bring it within one of the exceptions, specified in the act. The proof is that McGuire for whose use and benefit the suit was instituted was a resident of the State of Tennessee when the cause of action accrued. The plaintiff having established the fact of his non-residence at the time of the accrual of the cause of action, ^brought himself within the exception of the statute and the legal .presumption is that he so continued until within five years of the .institution of the suit, as the defendant wholly failed to show the contrary. Under this view of the law, we think that the circuit (Coui'-t clearly erred and that therefore the judgment ought to be reversed. , Judgment reversed.